IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-312 |
| | ) | |
| ALASTAIR LEE STEWART | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE FROM SENTENCING GUIDELINES**

AND NOW comes the United States of America, through its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Christy C. Wiegand, Assistant United States Attorney for said district, and respectfully submits its Response to the defendant's Motion for Downward Departure from the Sentencing Guidelines, and in support thereof submits as follows:

**I.     A DOWNWARD DEPARTURE IS NOT WARRANTED IN THIS CASE**

Under the express terms of the United States Sentencing Guidelines, no downward departure is available to the defendant, Alastair Stewart, under Section 5K2.13 or 5K2.0 of the Sentencing Guidelines.

Since 2003, Section 5K2.13 has stated that "the court may not depart below the applicable guideline range if . . . (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code." U.S.S.G. §5K2.13.  Here, Stewart plead guilty to violating 18 U.S.C. § 2422(b), which falls within Chapter 117 of Title 18.  Accordingly, a downward departure is expressly prohibited under the Guidelines. *See, e.g., United States v. Phillips*, 383 Fed. Appx. 527, 533 (6th Cir. 2010) (not selected for publication) (downward departure not available for Chapter 110 offense).  All of the case law cited by defendant in support of a downward departure under 5K2.13 pre-dates 2003 and is clearly inapplicable.

1

Nor is a downward departure under 5K2.0 available to Mr. Stewart. 5K2.0(b) expressly limits downward departures in child crimes and sexual offenses. The offense to which Stewart plead guilty – enticement of a minor to engage in sexual activity, falls within the definition of a "child crime and sexual offense." *See* U.S.S.G. 2K2.0, Application Note 4(A). Accordingly, under 5K2.0(b), a downward departure is only available if, among other requirements, the mitigating circumstance "has been affirmatively and specifically identified as a permissible ground of downward departure" in the Guidelines. U.S.S.G. 2K2.0(b)(1). Furthermore, the only grounds affirmatively and specifically identified as permissible grounds for a downward departure are those enumerated in Chapter 5, part K of the Sentencing Guidelines. U.S.S.G. 2K2.0(b). As discussed above, section 5K2.13 expressly prohibits departures for diminished mental capacity in child sex cases. Accordingly, a downward departure under 5K2.0 is also unavailable in this case under the Guidelines.

## II.     A DOWNWARD VARIANCE IS NOT WARRANTED IN THIS CASE

The United States also respectfully submits that Mr. Stewart should not receive a below-Guidelines variance in this case, based on an analysis of the 3553(a) sentencing factors.

In particular, the nature and circumstance of the offense, together with the history and characteristics of the defendant, do not support a downward variance. Alastair Stewart groomed a young girl for months, communicating with her over multiple online platforms between the fall of 2016 and the spring of 2017. He then planned an interstate trip to have sex with her, taking a Greyhound Bus from Arkansas to Pennsylvania, first to the child victim's home, and then arranging with her to meet at her grandfather's home. This was not an impulsive crime. This was a planned crime that developed over the course of months and came to fruition over a number of

days. This was not a fast crime. Stewart sexually assaulted the child multiple times, over multiple days, hiding out in the woods in between assaults.

The psychologist retained by the defense to examine Mr. Stewart found him to be competent, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The government appreciates that Mr. Stewart experienced an ▇▇▇▇▇▇▇▇▇▇ childhood that has had long-lasting negative impacts on him. However, the government respectfully submits that he has not demonstrated diminished capacity warranting a downward variance. Specifically, Mr. Stewart does not have a diagnosis of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that would demonstrate that ▇▇▇▇▇▇▇▇ was a significant driver in his current crime. He ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, obtained his GED, and was employed by the Army National Guard for five years, until his incarceration in this case. He also maintained a number of other types of employment in the years leading up to this offense. The heinous, deliberate circumstances of the offense, and Mr. Stewart's behavior in other aspects of his life do not support a downward variance based on a diminished capacity.

The 3553(a) factors relating to the need to protect the public and deter future crimes by this defendant also do not support a downward variance in this case. Assuming for the sake of argument that Stewart did suffer from a level of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that played a significant role in his assaults on the child in this case, such ▇▇▇▇▇▇▇▇▇▇▇▇ could equally justify a longer term of incarceration as opposed to a downward variance. Assuming Mr. Stewart is, in his counsel's words, a "deeply ▇▇▇▇▇▇ individual who lacked the ▇▇▇▇▇▇▇▇

3

██████," Def.'s Unredacted Sent. Memo at p. 11, then he may pose a greater risk to the public of reoffending and having inappropriate sexual contact with additional children in the future. And in order to deter him from committing additional crimes due to said ██████, he may need to be incarcerated for a longer, rather than shorter, period of time. *See, e.g., United States v. Garthus*, 652 F.3d 715 (7th Cir. 2011)   The government respectfully submits that a Guidelines Range sentence strikes the appropriate balance in this case.

Finally, the 3553(a)(2) factors, relating to the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, also do not support a downward variance. Rather, the government respectfully submits that a term of incarceration within the Guidelines range acknowledges the heinous nature of the offense and the long-lasting traumatic impact on the child victim, and will provide just punishment.

### III. CONCLUSION

The United States respectfully submits that the defendant's Motion for Downward Departure from the Sentencing Guidelines should be denied.

    Respectfully submitted,

    SCOTT W. BRADY
    United States Attorney

    /s/ Christy C. Wiegand
    CHRISTY CRISWELL WIEGAND
    Assistant United States Attorney
    MA ID No. 647903